■ Spiridon Argiriadis, Appellant, v Evangelos Panourgias et al., Respondents. [766 NYS2d 548] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered December 16, 2002, which, in this action for declaratory relief, granted defendants' motion for summary judgment and dismissed the complaint, unanimously modified, on the law, to declare in defendants' favor that the alleged oral agreement for the sale of shares in defendant Frangista, Ltd. is not enforceable, and otherwise affirmed, without costs.

Plaintiff and the individual defendant entered into an oral agreement in 1993, pursuant to which, in exchange for $50,000, plaintiff was to be provided with 15% of the shares of Frangista, Ltd. Plaintiff never made the required payment, but maintained that, in 1996, the individual defendant waived the $50,000 payment in light of plaintiff's prior and future work at the defendants' restaurant.

Although Business Corporation Law § 503 (b) provides that a subscription for shares of a corporation "shall not be enforceable unless in writing and signed by the subscriber," UCC 8-319 (d) (repealed in 1997 [L 1997, ch 566, § 5], but applicable to the agreement here at issue pursuant to UCC 8-601 [b]),

allows for the enforcement of an oral agreement for the sale of securities where "the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price." Plaintiff's reliance upon UCC 8-319 is, however, unavailing, because, inter alia, although the individual defendant acknowledged that there had been an oral agreement for the sale of 15% of Frangista to plaintiff for $50,000, the $50,000 payment was never made and the individual defendant has never admitted that he agreed to waive said payment.

We modify only to declare in defendants' favor (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe and Williams, JJ.